**UNITED STATES of America, Appellee,**

v.

**Shilon ROGERS, Defendant–Appellant.**

**No. 442, Docket 97–1111.**

United States Court of Appeals, Second Circuit.

Argued Oct. 17, 1997.

Decided Oct. 28, 1997.

Philip L. Weinstein, New York City (Henriette D. Hoffman, The Legal Aid Society Federal Defender Division Appeals Bureau, of counsel), for Defendant–Appellant.

Gary Stein, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Craig A. Stewart, Assistant United States Attorney, on the brief), for Appellee.

Before: JACOBS and LEVAL, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

Shilon Rogers appeals from a judgment of the United States District Court for the Southern District of New York (Mukasey, *J.*) convicting her of possession of cocaine with intent to distribute and sentencing her to 41 months of imprisonment. Rogers makes two arguments on appeal: (1) that the district court should have suppressed cocaine found in a rolled-up paper bag removed from her coat pocket, because the officer's opening of the bag was an unreasonable search; and (2) that the district court should have granted her an additional one-level downward adjustment for acceptance of responsibility under § 3E1.1(b) of the United States Sentencing Guidelines. We affirm.

* Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

## BACKGROUND

On the afternoon of November 30, 1995, Sergeant William Mason and Officers John Quinn and Edward Schoales of the New York City Police Department's 26th Precinct were traveling north on 12th Avenue above 125th Street in an unmarked car. The driver of a southbound livery cab flashed his headlights several times and looked directly at Schoales as they passed. Mason deduced (correctly) that the driver was trying to get their attention and the police car made a U-turn, pulling up behind the livery cab as it stopped.

Schoales approached the cab and asked the driver to step out. The driver explained that he had been signaling because his passengers had changed their destination more than once and he feared he was being taken to a likely spot for a robbery. Schoales then told Mason about the change of destinations (a common feature of cab robberies) and about the driver's fear. Mason, believing that he was investigating a robbery in progress, asked the two passengers to get out of the car. Shilon Rogers was one of the passengers.

As Sergeant Mason spoke to Rogers on the sidewalk, he noticed that "she was being quite evasive" and was turning away as if to hide her left side. Rogers then reached with her left hand toward the lower part of her coat. Mason directed her to stand still, grabbed the coat where he thought she was reaching, and felt something he described as "a heavier object than what [he] expected to find." Mason then grabbed the coat with both his hands and felt "a hard object and then a softer object." Mason pressed and manipulated the coat and its contents for a few seconds; he later testified that he was "fairly certain" it was drugs, but that he could not exclude the possibility that the pocket also contained a weapon. Mason summoned Schoales and instructed him to search Rogers' coat pocket. Schoales reached into the pocket, removed a rolled-up paper bag, opened it, and found inside a plastic bag containing cocaine. Rogers was then arrested.

Rogers moved to suppress the cocaine, arguing that the police had neither reasonable suspicion to justify the stop, nor probable cause to remove the paper bag from her pocket and open it without a warrant. In a thorough and well-reasoned opinion, the district court denied the motion on the ground that the stop-and-frisk was justified under the standard of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and on the ground that the removal and opening of the paper bag were justified for two independent reasons: (1) it was reasonable for Schoales to remove and open the bag because Mason had been unable to exclude the possibility that it contained a weapon, and (2) what Mason could feel in his (lawful) touching of Rogers' pocket, together with the surrounding circumstances, established probable cause to believe that the pocket contained contraband. *See United States v. Rogers*, No. 95–CR–1136, 1996 WL 422260 at *4–7 (S.D.N.Y. July 29, 1996).

Shortly thereafter, Rogers proposed—and the government rejected—a conditional guilty plea that would have preserved her right to appeal the district court's denial of her motion to suppress. Rogers chose to stand trial and waived her right to a jury. After a brief bench trial, at which Rogers' counsel waived opening and closing arguments and stipulated to the several facts of the case, the district court found Rogers guilty as charged.

At the sentencing hearing, Rogers argued for a three-point reduction in her offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court was initially reluctant to grant the reduction, questioning whether a defendant who preserves the right to appeal by agreeing to a bench trial on stipulated facts is entitled to a reduction for acceptance of responsibility. As the court observed, the preservation of the right to appeal manifested a desire to avoid responsibility, not to accept it. Ultimately, the district court granted a two-point reduction for acceptance of responsibility under § 3E1.1(a) by reason of Rogers' providing information about others involved in the distribution of drugs, but denied the requested third point under § 3E1.1(b). (The district court also granted an additional two-point reduction under the "safety valve" provision of U.S.S.G. § 5C1.2.)

## DISCUSSION

### A. *Rogers' Fourth Amendment Claim.*

Rogers now concedes that the initial stop-and-frisk—and the removal of the rolled-up paper bag from her coat pocket—was lawful under the standard of *Terry v. Ohio.* She contends only that the act of *opening* the paper bag *after* it was taken from her pocket was unlawful. More specifically, she argues (1) that what Officer Mason felt, together with Rogers' own suspicious conduct, did not give the officers probable cause to open the paper bag and search for contraband; and (2) that the act of opening the paper bag was not justified as a protective measure under *Terry* because there was no reasonable basis to believe that it contained a weapon.

■ In *Minnesota v. Dickerson,* 508 U.S. 366, 377, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993), the Supreme Court concluded that a police officer may seize contraband detected by sense of touch during a protective patdown search so long as the officer is acting within the bounds of *Terry* at the moment when probable cause arises to believe that contraband is present:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

*Id.* at 375–76, 113 S.Ct. at 2136–37. Conversely, an officer oversteps the line if the search for contraband continues *after* the officer realizes that no weapons are present; even if probable cause to believe that contraband is present arises thereafter, the seizure would be unlawful. The Court in *Dickerson* found that that search was unlawful because the officer continued to squeeze and manipulate the contents of the suspect's pocket after having established that it contained no weapon. *Id.* at 378, 113 S.Ct. at 2137.

■ As in *Dickerson,* the question here is whether the officers were acting within the bounds of a permissible protective patdown search when probable cause arose to believe that Rogers' pocket contained contraband. Viewing the evidence in the light most favorable to the government, *see United States v. Mussaleen,* 35 F.3d 692, 697 (2d Cir.1994), we conclude that the police were acting well within the bounds of *Terry.* Sergeant Mason was conducting a lawful protective patdown search (a point that Rogers concedes) when he felt the heavy object in Rogers' coat pocket. He manipulated the object for "a few seconds" to determine what it was, and felt "a hard object and then a softer object." At that point, Mason was not yet able to exclude the possibility that there was a weapon in the pocket, so that the search was still within the bounds of *Terry,* and Mason had become "fairly certain" the pocket contained drugs. That belief, combined with Rogers' evasive and suspicious conduct, gave the officers probable cause to search Rogers' pocket for contraband. The police were therefore permitted to remove and open the rolled-up paper bag.

Rogers argues that Mason lacked probable cause to believe that drugs were present because (1) Mason admitted under cross-examination that Rogers' pocket could have contained "anything at all;" and (2) the identity of the object in her pocket was not "immediately apparent" as *Dickerson* requires. We disagree.

■ Mason's open-minded concession that Rogers' pocket *could have* contained "anything at all" does not preclude his having probable cause to believe that the pocket contained drugs. Probable cause "merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items *may be* contraband." *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (plurality opinion) (citation and quotations omitted) (emphasis added). Officer Mason's fair certainty that what he felt in Rogers' pocket was contraband, coupled with Rogers' suspicious conduct, would warrant a person of reasonable caution to believe that drugs may be present, even without excluding the hypothesis that the contents could possibly be something else altogether.

Rogers argues that it was not "immediately apparent" that the paper bag contained drugs. But, as *Dickerson* illustrates, the Supreme Court has used the term "immediately apparent" to mean anytime in the course of a search conducted within the bounds of *Terry*. In other words, probable cause to believe an object is contraband must arise while an officer is conducting a permissible patdown search. *See Dickerson*, 508 U.S. at 378–79, 113 S.Ct. at 2138–39. As noted, probable cause to believe that contraband was present arose when Sergeant Mason, acting within the bounds of a protective patdown search, grabbed the object in Rogers' pocket, manipulated it for a few seconds, and concluded that it was probably drugs. The incriminating character of the object was therefore "immediately apparent."

We agree with the district court that the act of opening the paper bag was permissible under *Dickerson*, and so we need not address Rogers' arguments regarding whether that act also was (or was not) permissible under *Terry*.

### B. *Rogers' Sentencing Claim.*

Rogers argues that the district court erred in failing to grant her a one-level adjustment for acceptance of responsibility under subsections (1) and (2) of § 3E1.1(b) of the Guidelines. To be eligible for such an adjustment, a defendant must satisfy the threshold requirements of § 3E1.1(b) and assist authorities in the investigation or prosecution of her case by either (1) "timely providing complete information to the government concerning [her] own involvement in the offense"; or (2) "timely notifying authorities of [her] intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(1) & (2).

■■ On appeal, Rogers claims that she qualifies for the one-level adjustment under both subsections (1) and (2). The government argues that Rogers waived her claim for an adjustment under subsection (1) because she did not argue that point below. "Generally, issues not raised in the trial court, including sentencing issues, will be deemed waived on appeal in the absence of

plain errors or defects affecting substantial rights." *United States v. Gomez*, 103 F.3d 249, 254 (2d Cir.1997) (citation and quotations omitted). Because the record discloses no instance, either in Rogers' presentence submission or at the sentencing hearing, in which she sought an adjustment for timely disclosure of complete information concerning her involvement in the offense, we conclude that she waived her claim for an adjustment under subsection (1).

But Rogers did seek an adjustment under subsection (2), on the ground that she offered to enter a conditional guilty plea and (when the government rejected the offer) agreed to a bench trial on stipulated facts. Rogers now argues that this was "the functional equivalent of a guilty plea," because it imposed no greater burden on the government or the court than an ordinary guilty plea and thereby achieved the same conservation of resources. Appellant's Brief at 21. To illustrate this point, Rogers points out that the full trial transcript consists of 12 pages, "less than most Rule 11 guilty plea proceedings." *Id.*

■ We conclude that the district court did not abuse its discretion in denying Rogers a one-level adjustment under subsection (2). To qualify for an adjustment under that subsection, a defendant must offer to plead guilty at a point in the proceedings sufficiently early to allow the government to avoid preparing for trial and to permit the court to schedule its calendar efficiently. *See* U.S.S.G. § 3E1.1 Commentary, Application Note 6. In this case, the only defensive measure available to Rogers was to argue that the evidence seized from her pocket was inadmissible. Thus, in terms of preparation by the government and the investment of judicial time, the suppression hearing was the main proceeding in this case. As the district court observed, "the case was effectively tried with the motion to suppress." Once that motion was denied, convicting Rogers became child's play for the prosecution. Rogers' offer to enter a conditional guilty plea and her bench trial on stipulated facts, coming *after* the suppression hearing, did not come sufficiently early in the pro-

ceedings to allow the court or the government to avoid the burdens of litigating the case. *See United States v. Gonzales,* 19 F.3d 982, 984 (5th Cir.), *cert. denied,* 513 U.S. 887, 115 S.Ct. 229, 130 L.Ed.2d 154 (1994). Accordingly, the district court had discretion to deny the one-level adjustment under subsection (2).

## CONCLUSION

We have considered all of Rogers' arguments and find them meritless. The judgment of the district court is therefore affirmed.