

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2002

# USA v. Kithcart

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Kithcart" (2002). *2002 Decisions.* Paper 293.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/293

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3046


UNITED STATES OF AMERICA

v.

JESSE KITHCART,

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 96-cr-00090)
District Court Judge: Bruce W. Kauffman


Submitted Under Third Circuit LAR 34.1(a)
May 10, 2002

Before: ALITO, COWEN, and LOURIE, Circuit Judges.

(Opinion Filed:   May 23, 2002 )


OPINION OF THE COURT


PER CURIAM:
PER CURIAM:
    Appellant Jesse Kithcart was indicted for being a felon in possession of firearms. He moved to suppress the gun, which was discovered in his waist pouch ("fanny pack") in a pat-down after his car was stopped by police who suspected his companion and him of armed bank robbery.  Kithcart has already been before this Court twice, and we have remanded both times for further proceedings related to the suppression motion.  As the parties are well aware of the history of these proceedings and the facts involved, we need not repeat them here.

    In this appeal, Kithcart argues that his motion to suppress the gun should be granted because the government did not prove that the pat-down in which the gun was discovered was within the limited scope of a search permitted by Terry v. Ohio, 392 U.S. 1 (1968).  In response, the government argues, among other things, that the fact that the gun was found in Kithcart's fanny pack is itself sufficient evidence to prove that the pat-down fell within the limitations allowed by Terry.  We agree.

    We exercise plenary review over a district court's legal conclusion regarding the constitutional validity of a pat-down search of a vehicle passenger following a traffic stop.  See United States v. Moorefield, 111 F.3d 10, 12 (3d Cir. 1997).

Kithcart urges that there is nothing in the record to show that the pat-down was valid.  Kithcart cites Florida v. Royer, 460 U.S. 491 (1983), for the proposition that the government bears the legal burden of showing that a search without a warrant falls within the scope permitted by Terry.  Id. at 500.  And, as a factual matter, Kithcart argues that the government failed to present any evidence regarding how the gun was found. All that is clear from the record is that Officer Williams, who did not testify at the initial suppression hearing, did a pat-down of Kithcart, and the gun was found in his waist pouch.  Thus, Kithcart argues, there is "no evidence at all regarding the nature of scope of the search which uncovered the gun."  Br. of Appellant at 16; see Kithcart II, 218 F.3d at 220 ("[T]he government did not present any evidence of the circumstances of a pat-down nor any testimony to support a conclusion that a Terry 'pat-down' was justified.").

The record here indicates only that the gun was found in Kithcart's fanny pack, which was worn around his waist.  Kithcart argues that the absence of evidence regarding the pat-down leaves open the possibility that the search exceeded the bounds of Terry.  We reject Kithcart's argument.  First, the fact that the gun (a .32 caliber handgun) was found in Kithcart's fanny pack indicates that it was found in a search of his outer clothing, which is expressly permitted by Terry.  392 U.S. at 30.  Even without the testimony of Officer Williams to describe the pat-down, this fact alone is sufficient to find that the gun was not found in a search that exceeded the permissible bounds of a Terry search.  Kithcart posits the possibility that the gun was wrapped in clothing inside the fanny pack, thus requiring the officer to inspect the contents of the pouch to retrieve the gun.  Even this hypothetical situation, however, would not preclude an officer from conducting a legal, protective inspection of the suspicious bundle for weapons.  Cf. Michigan v. Long, 463 U.S. 1032, 1051-52 (1983) (upholding the seizure of marijuana and stating that a Terry search may extend to areas within the suspect's control, such as a passenger compartment of a car, to protect the officers' safety); see also United States v. Rogers, 129 F.3d 76, 79 (2d Cir. 1997) (upholding an officer's removal and unwrapping of an object found in the suspect's pocket during a pat-down); United States v. Williams, 962 F.2d 1218, 1223 (6th Cir. 1992) (holding a search of a defendant's purse was permissible as part of a Terry stop).  Therefore, given the fact that the gun was found in Kithcart's fanny pack, there appears to be no set of circumstances under which Officer Williams's discovery of the gun would be unreasonable so as to exceed the limits of Terry.  Moreover, the circumstances surrounding the stop of the car and subsequent pat-down of Kithcart justified precautionary measures to assure the safety of the officers making the stop.  The purpose of allowing a Terry search is "to dispel [the officer's] reasonable fear for his own or others' safety" and "to discover weapons which might be used to assault him."  Terry, 392 U.S. at 30.  Here, the police believed that the suspects were the recent perpetrators of multiple armed robberies.  The situation in this case is the very type of situation for which a Terry search is permitted.  There is sufficient evidence in the record to conclude that the pat-down of Kithcart did not exceed the scope of Terry.

Accordingly, the judgment of the District Court denying Appellant's suppression motion is affirmed.