United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 06-10636

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TINA MARIE DELAURIER,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Texas, San Angelo Division
No. 06:05-CR-043

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tina Marie DeLaurier was arrested and charged with being a
felon in possession of firearms in violation of 18 U.S.C. §
922(g)(1). She filed a motion to suppress the evidence against
her, claiming that it was obtained pursuant to an unconstitutional
seizure of her person and an unconstitutional search of her
vehicle. The district court held a suppression hearing and ruled

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

against DeLaurier on all of her Fourth Amendment claims. DeLaurier then pled guilty to a single count of being a felon in possession. At sentencing, DeLaurier received the benefit of two points for acceptance of responsibility, but the government had to expend time and effort defending the suppression motion, the government did not move for a third point. *See* U.S.S.G. § 3E1.1(b). The court granted DeLaurier the two points and sentenced her to fifty-seven months in prison, at the top of the guideline range. On appeal, DeLaurier renews her Fourth Amendment challenges, and argues that the district court erred in refusing to grant her a third acceptance point. We AFFIRM.

When faced with a denial of a motion to suppress, we review factual findings for clear error and Fourth Amendment conclusions *de novo*. *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003). We review the district court's interpretation and application of the Sentencing Guidelines *de novo*, and its factual determinations for clear error. *United States v. Charon*, 442 F.3d 881, 887 (5th Cir. 2006).

We agree with the district court that DeLaurier's Fourth Amendment claims are meritless. Specifically, we find that the initial encounter between DeLaurier and the police was consensual, and that it did not escalate into a full arrest, or even a *Terry* stop, until well past the time when the police had probable cause to believe that a crime had occurred. The record reveals that an

officer was helping DeLaurier get into her vehicle after she explained that she had locked her keys inside. During their conversation, he asked her some questions and requested to see her identification, both of which are permissible during a consensual encounter. *United States v. Williams*, 365 F.3d 399, 404 (5th Cir. 2004) (citing *United States v. Drayton*, 536 U.S. 194, 200-01 (2002)). As a result of those questions, the officer learned that DeLaurier had been driving without a license, which then gave him probable cause to effect an arrest. This probable cause existed before any seizure or arrest took place. Additional facts in the record make clear that the subsequent search of DeLaurier's vehicle was justified by the automobile exception, which allows police to search a vehicle if they have probable cause to believe that the vehicle contains contraband, provided that the car is "readily mobile" and "found stationary in a place not regularly used for residential purposes." *United States v. Fields*, 456 F.3d 519, 523-24 (5th Cir. 2006) (citations and internal quotation omitted).

Finally, we are not persuaded by DeLaurier's argument that the district court erred in denying her a third point for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(b). Though that provision speaks only of the prosecutor's discretion to file the motion, the government seems to concede that the federal courts have some limited power to review it, if only to ensure that the decision is not based on an unconstitutional motive, such as race or religion.

3

*See Wade v. United States*, 504 U.S. 181, 185–86 (1992) (holding same in context of motion for substantial assistance). Whatever the precise limits of the government's discretion, however, they are not implicated where, as here, the government was forced to spend considerable time and effort defending the motion to suppress, and the defendant has not demonstrated an improper motive behind the decision.

The judgment and sentence are AFFIRMED.