Cite as: 592 U. S. ____ (2021)    1

# SUPREME COURT OF THE UNITED STATES

## MARTIN ROGELIO LONGORIA *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 20–5715.   Decided March 22, 2021

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE GORSUCH joins, respecting the denial of certiorari.

Under §3E1.1(b) of the Federal Sentencing Guidelines, a defendant whose offense level is 16 or greater may receive a one-level reduction if he timely notifies the prosecution of his intent to plead guilty, "thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." United States Sentencing Commission, Guidelines Manual §3E1.1(b) (Nov. 2018). A district court can award this reduction only "upon motion of the government." *Ibid.* The commentary to the Guidelines specifies that the "government should not withhold such a motion based on interests not identified in §3E1.1, such as whether the defendant agrees to waive his or her right to appeal." §3E1.1, comment., n. 6.

This petition implicates an important and longstanding split among the Courts of Appeals over the proper interpretation of §3E1.1(b). Most Circuits have determined that a suppression hearing is not a valid basis for denying the reduction, reasoning that "preparation for a motion to suppress is not the same as preparation for a trial," even if "there is substantial overlap between the issues that will be raised." *United States* v. *Marquez*, 337 F. 3d 1203, 1212 (CA10 2003); see also 958 F. 3d 372, 376 (CA5 2020) (collecting cases). A minority of Circuits have concluded otherwise. See *id.,* at 376. In this case, for example, the Fifth Circuit accepted the Government's refusal to move for a re-

duction after it had to prepare for a 1-day suppression hearing, concluding that "'a suppression hearing [could be] in effect the substantive equivalent of a full trial.'" *Id.,* at 378.

The Sentencing Commission should have the opportunity to address this issue in the first instance, once it regains a quorum of voting members.* Cf. *Braxton* v. *United States*, 500 U. S. 344, 348 (1991). I write separately to emphasize the need for clarification from the Commission. The effect of a one-level reduction can be substantial. For the most serious offenses, the reduction can shift the Guidelines range by years, and even make the difference between a fixed-term and a life sentence. The present disagreement among the Courts of Appeals means that similarly situated defendants may receive substantially different sentences depending on the jurisdiction in which they are sentenced. When the Commission is able, it should take steps to ensure that §3E1.1(b) is applied fairly and uniformly.

———————

*Currently, six of the seven voting members' seats are vacant. The votes of at least four members are required for the Commission to promulgate amendments to the Guidelines. See U. S. Sentencing Commission, Organization (Mar. 18, 2021), https://www.ussc.gov/about/who-we-are/organization.