# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2021

Lyle W. Cayce
Clerk

No. 20-40118

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR DANIEL ABREGO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1799-1

Before HO, OLDHAM, and WILSON, *Circuit Judges*.
JAMES C. HO, *Circuit Judge*:

Section 2K2.1(a)(4)(B) of the United States Sentencing Guidelines provides for a base offense level of 20 if, *inter alia*, the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(B). The commentary to the Guidelines further defines what it means for a firearm to be "capable of accepting a large capacity magazine"—a magazine able to hold "more than 15 rounds of ammunition" must be "attached to" or "in close proximity to" the firearm "at the time of the offense." U.S.S.G. § 2K2.1, cmt. n.2. We have held that

No. 20-40118

this commentary is "authoritative" and must be enforced. *United States v. Longoria*, 958 F.3d 372, 377 (5th Cir. 2020) (quotation omitted).

Shortly after we decided *Longoria*, the district court here applied section 2K2.1(a)(4)(B) of the Guidelines, but not the accompanying commentary. Nor did the presentence report ("PSR") indicate that a magazine capable of holding over fifteen rounds of ammunition was either attached to or in close proximity to the firearm in question—let alone bear sufficient indicia of reliability to be considered as evidence during sentencing—as required under the commentary.

Accordingly, we vacate Abrego's sentence and remand for resentencing consistent with both the Sentencing Guidelines and the accompanying commentary.

## I.

Victor Daniel Abrego pleaded guilty, pursuant to a plea agreement, to making false statements and representations regarding firearm records, in violation of 18 U.S.C. § 924(a)(1)(A). He now challenges the district court's determination of his base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(B).

Section 2K2.1(a)(4)(B) of the Sentencing Guidelines provides for a base offense level of 20 if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine," and the defendant was convicted under 18 U.S.C. § 924(a)(1)(A) and "committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person." U.S.S.G. § 2K2.1(a)(4)(B). The commentary defines a "semiautomatic firearm that is capable of accepting a large capacity magazine" as "a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense" a "magazine or similar device that could accept more

than 15 rounds of ammunition" was "attached to" the firearm or was "in close proximity to" it. U.S.S.G. § 2K2.1, cmt. n.2. A "prohibited person" means, among other things, an alien who is illegally or unlawfully in the United States. U.S.S.G. § 2K2.1, cmt. n.3; 18 U.S.C. § 922(g)(5)(A).

The PSR states that Abrego admitted to purchasing firearms for another individual, Arnoldo Martinez-Guerra, in exchange for money. The PSR also notes that Abrego claimed he knew Martinez-Guerra was an undocumented alien who was prohibited from having firearms.

In addition, the PSR observes that the firearm in question, a Century Arms C308 Sporter .308 caliber rifle, was a semiautomatic firearm capable of accepting a large capacity magazine. Finally, it notes that Abrego purchased the rifle from Academy Sports and Outdoors in McAllen, Texas. This information was based on investigative reports submitted to the U.S. Attorney's Office by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

Abrego objected to the PSR with respect to both the prohibited-person finding and the firearm finding. In response, the probation officer added an addendum to the PSR which noted that the manufacturer's website indicated it sold the rifle with two twenty-round magazines. Abrego reasserted his objections at sentencing. The district court overruled the objections and applied the enhancement. Abrego appealed.

## II.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The clear error standard is deferential and "only requires a factual finding to be plausible in light of the record as a whole." *Id*. "A district court's findings of fact will be deemed clearly erroneous only if the reviewing court is left with the definite

and firm conviction that a mistake has been made." *United States v. Rome*, 207 F.3d 251, 253–54 (5th Cir. 2000) (citing *United States v. Graves*, 5 F.3d 1546, 1556 (5th Cir. 1993)).

The Government has the burden of demonstrating by a preponderance of the evidence the facts necessary to support a Guidelines enhancement. *See United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017). When making factual findings for sentencing purposes, a district court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002) (quotation and citation omitted).

Generally, a PSR and its addenda "bear[] sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (quotation and citation omitted). *See also United States v. Eustice*, 952 F.3d 686, 691 (5th Cir. 2020). But "[b]ald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR, through the request of the prosecutor." *Rome*, 207 F.3d at 254 (quotation omitted).

If the PSR is sufficiently reliable, the defendant bears the burden of showing that the information in the PSR is "materially untrue, inaccurate or unreliable." *Nava*, 624 F.3d at 231. Mere objections to the PSR do not suffice as competent rebuttal evidence. *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010).

## III.

On appeal, Abrego makes two arguments. First, he argues that there was no evidence in the PSR that, at the time of the offense, the rifle had a magazine or similar device attached to or in close proximity to it that could accept more than fifteen rounds of ammunition, as required under the commentary.

No. 20-40118

We have held that courts must apply section 2K2.1(a)(4)(B) of the Guidelines in light of the accompanying commentary. *See Longoria*, 958 F.3d at 377 (noting that the commentary is "authoritative"). *See also Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

But here, the district court failed to consider the commentary. That commentary is admittedly ambiguous, and one might reasonably wonder what "close proximity" means. U.S.S.G. § 2K2.1, cmt. n.2. But neither the PSR nor the Government even acknowledged the language of the commentary—let alone gave the district court a basis for applying it. *Compare Longoria*, 958 F.3d at 375 (holding that the district court was entitled to rely on PSR containing statement from FBI agent regarding whether high capacity magazines were attached to or located near the rifle).

The addendum to the PSR relied on the website of the firearm manufacturer as evidence of what kind of magazines come standard with that firearm. That might suffice if the Government had demonstrated that Abrego bought the firearm either directly from the manufacturer or in the exact same condition as marketed on the manufacturer's website. But the Government did nothing of the sort.

Accordingly, Abrego is entitled to be resentenced in compliance with both the Guidelines and the accompanying commentary.

Second, Abrego argues that he did not recall claiming knowledge that Martinez-Guerra was a citizen of Mexico, an undocumented alien, or a person otherwise prohibited from having firearms. But the PSR describes Abrego's personal relationship with Martinez-Guerra. It also points out that Abrego admitted that he knew both that Martinez-Guerra was from a specific

city in Mexico, and that he was an undocumented alien prohibited from possessing firearms. These are not "[b]ald, conclusionary statements." *Rome*, 207 F.3d at 254 (quotation omitted). We conclude that the PSR's finding on this point is sufficiently reliable.

Accordingly, Abrego must show that the information in the PSR stating that he knew that Martinez-Guerra was a prohibited person was materially untrue, inaccurate, or unreliable. *See Nava*, 624 F.3d at 231. But he is unable to do so. He merely states that he does not recall admitting that fact. Objections to the PSR that are "merely in the form of unsworn assertions . . . are unreliable and should not be considered." *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992). His objection therefore does not suffice as competent rebuttal evidence. *See Rodriguez*, 602 F.3d at 363.

The district court therefore did not clearly err in finding that Abrego "committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person." U.S.S.G. § 2K2.1(a)(4)(B).

But because we agree with Abrego's first argument that his sentence does not comply with the relevant commentary to the Guidelines, we vacate Abrego's sentence and remand for resentencing consistent with this opinion.