# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2022

Lyle W. Cayce
Clerk

No. 21-10381
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlitos Santiago Santos,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CR-107-1

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Carlitos Santiago Santos was convicted by a jury of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). He was sentenced, *inter alia*, within the advisory Sentencing Guidelines term to 192-months' imprisonment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10381

Santos was arrested after a "sting" operation "chat" through the Grindr application, in which he sought to have sexual relations with a person whom he believed to be a 15-year-old boy (the minor). At trial, and over Santos' objection, the Government introduced extrinsic evidence showing that, during a post-arrest interview, he admitted: he was sexually attracted to underaged boys; and he had engaged in sexual contact in the Philippines with about 15 underaged boys. Santos did not present evidence at trial.

Santos contends: the evidence introduced to prove his guilt was insufficient; the district court abused its discretion by admitting the extrinsic evidence; and it erred in denying his motion for a new trial, in applying the Guideline § 4B1.5 enhancement for a pattern of prohibited sexual conduct, and in overruling his request for an acceptance-of-responsibility reduction.

Because the claimed sufficiency error was preserved, the issue is reviewed *de novo*. *E.g.*, *United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014). Our court "must affirm a conviction if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *Id.* at 430–31 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

As noted, Santos was convicted of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). To obtain a conviction under that statute, the Government was required to prove beyond a reasonable doubt that: (1) Santos "used a facility of interstate commerce to commit the offense"; (2) "he was aware that [the minor] was younger than [18]"; (3) "by engaging in sexual activity with [the minor], he could have been charged with a criminal offense"; and (4) he knowingly attempted to persuade, induce, entice, or coerce the minor to engage in criminal sexual activity. *United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014). "Sending sexually explicit

messages is probative evidence of intent to induce, persuade, entice, or coerce a minor to engage in illegal sex." *United States v. Peterson*, 977 F.3d 381, 389 (5th Cir. 2020). In addition, to prove an attempted violation of that statute, the Government had to prove beyond a reasonable doubt that: Santos acted with the culpability to commit the offense; and he "took a substantial step toward its commission". *United States v. Broussard*, 669 F.3d 537, 547 (5th Cir. 2012).

The admission of extrinsic evidence is reviewed under a heightened abuse-of-discretion standard "because evidence in criminal trials must be strictly relevant to the . . . offense charged". *United States v. Smith*, 804 F.3d 724, 735 (5th Cir. 2015) (citation omitted). "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). On the other hand, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident". Fed. R. Evid. 404(b)(2). Therefore, to be admissible, extrinsic evidence must be "relevant to an issue other than the defendant's character" and its probative value may not be "substantially outweighed by its undue prejudice". *Smith*, 804 F.3d at 735; *see also* Fed. R. Evid. 403.

Santos asserts: the Government failed to prove he attempted to persuade, induce, entice, or coerce the minor to engage in criminal sexual activity, *see Rounds*, 749 F.3d at 333 n.4 (where defendant did not dispute other elements, this court limited its consideration to the enticement and persuasion elements); and the court erred in overruling his objection to the admission of the extrinsic evidence, which was both not relevant and unfairly prejudicial.

The extrinsic evidence showing that Santos was sexually attracted to underaged boys and had acted on that attraction in the past was highly probative of Santos' intent, motive, and knowledge. The court mitigated the prejudicial effect of the evidence by: requiring redaction of some items; and giving limiting instructions. *United States v. Nieto*, 721 F.3d 357, 371 (5th Cir. 2013) (explaining "jurors are presumed to follow the instructions given to them by the court") (citation omitted). Santos has not shown the court abused its discretion in admitting the evidence.

Viewing the evidence in the requisite light most favorable to the verdict, including the contents of the above-referenced Grindr conversation, in which Santos persisted in seeking to meet the minor for sex after learning the minor was age 15, and Santos' showing up for the meeting, the Government proved beyond a reasonable doubt that Santos knowingly attempted to persuade, induce, or entice the minor to engage in criminal sexual activity.

Santos next claims the court erred in denying his new-trial motion, which was based on new evidence: a polygraph examination allegedly showing his post-arrest admissions regarding his sexual activities with minors in the Philippines were false. "A new trial may . . . be warranted based on newly discovered evidence, but such motions are disfavored and reviewed with great caution". *United States v. Chapman*, 851 F.3d 363, 380 (5th Cir. 2017) (citation omitted). Review is for abuse of discretion. *See id.*

> To obtain a new trial based on newly discovered evidence, the defendant must demonstrate: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably

> produce an acquittal.  Failure to demonstrate any one of these
> five factors is fatal to the motion for a new trial.

*Id.* at 381 (citation omitted).  The court concluded that Santos failed to satisfy the third, fourth, and fifth factors.

As for the third factor, the new evidence was offered to impeach: Santos' prior inconsistent statements; and the testimony of the Government's witness who conducted the interview.

As for the fourth and fifth factors, Santos contends the polygraph evidence would have resulted in exclusion of extrinsic evidence, which would have resulted in his acquittal.  These contentions are speculative.

In sum, the court did not abuse its discretion in its conclusions on any of the three factors.  As noted, failure to succeed on all five precludes a new trial.

Regarding sentencing, Santos challenges:  the Guideline § 4B1.5(b)(1) enhancement for a pattern of prohibited sexual conduct; and the denial of his request for an acceptance-of-responsibility reduction.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"The Government has the burden of demonstrating by a preponderance of the evidence the facts necessary to support a Guidelines enhancement." *United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021). In that regard, "the district court may consider any information . . . bear[ing] sufficient indicia of reliability to support its probable accuracy". *Id.*

Santos maintains:  the defense polygraph evidence shows that the Guideline § 4B1.5(b)(1) enhancement was based on information that was untrue, inaccurate, and unreliable; and the enhancement is not applicable because it is based on conduct that was not prohibited in the Philippines (stating the boys were older than 12, the age of consent there), where it occurred.  Guideline § 4B1.5(b)(1) requires imposition of a five-level enhancement if defendant "engaged in a pattern of activity involving prohibited sexual conduct".  U.S.S.G. § 4B1.5(b)(1).  "[P]rohibited sexual conduct" means, *inter alia*, "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)".  U.S.S.G. § 4B1.5, cmt. n.4(A)(i).  No error has been shown.  The court's finding that Santos had engaged in such behavior is based on information bearing sufficient indicia of reliability:  Santos' own statements.

In challenging the court's overruling his objection to the lack of a two-level adjustment for acceptance of responsibility, Santos asserts he never disputed the facts, only whether they constituted an offense under § 2422(b). But, as the court explained, Santos disputed his factual guilt.  *See* U.S.S.G. § 3E1.1, cmt. n.2.  Deference greater than the clearly-erroneous standard is accorded the district court's determination that an adjustment for acceptance of responsibility was not appropriate.  *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019).

AFFIRMED.