# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 21-20140

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Vargas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-80-1

Before Smith, Costa, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

Andres Vargas pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). The probation officer determined that Vargas was a career offender under § 4B1.1(a) of the United States Sentencing Guidelines because the instant offense, as well as Vargas's prior convictions for possession with intent to distribute amphetamine and conspiracy to possess with intent to manufacture and distribute methamphetamine, qualified as controlled substance offenses. The district court overruled Vargas's objection to the career-offender enhancement and sentenced him to 188

months of imprisonment, followed by four years of supervised release. Vargas timely appealed.

A defendant qualifies as a career offender under U.S.S.G. § 4B1.1(a) if, *inter alia*, the instant offense is a felony controlled substance offense and "the defendant has at least two prior felony convictions of . . . a controlled substance offense." A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Application Note 1 of the commentary to § 4B1.2 explains that a "controlled substance offense" also "include[s] the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses." *Id.* § 4B1.2 cmt. n.1 (emphasis added).

Vargas asserts that the district court erred in treating his instant and prior conspiracy convictions as controlled substance offenses because inchoate offenses do not qualify for the career offender enhancement under the plain text of the Guidelines. He contends that the Guidelines commentary, which purports to include inchoate offenses, is not entitled to deference. Because Vargas preserved his objection, "we review the district court's interpretation and application of the Guidelines de novo." *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005).

In *United States v. Lightbourn*, 115 F.3d 291 (5th Cir. 1997), we held that § 4B1.1's career-offender enhancement lawfully includes inchoate offenses, *id.* at 293. Since *Lightbourn*, several panels of this court have deemed it controlling on questions materially indistinguishable from Vargas's. *E.g.*, *United States v. Kendrick*, 980 F.3d 432, 444 (5th Cir. 2020); *see also United States v. Duke*, 858 F. App'x 770, 772 (5th Cir. 2021); *United*

*States v. Mack*, 857 F. App'x 798, 803 (5th Cir. 2021); *United States v. Goodin*, 835 F. App'x 771, 782 & n.1 (5th Cir. 2021).  Consequently, Vargas's argument is foreclosed by *Lightbourn* "absent an intervening change in law, such as by statutory amendment, or the Supreme Court, or our en banc court."  *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018) (internal quotation marks and citation omitted).

Vargas asserts that, even if *Lightbourn* was previously binding for the proposition that § 4B1.2's inchoate-offense commentary is subject to deference, that is no longer the case because *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), fundamentally altered the deference afforded to the Guidelines commentary under *Stinson v. United States*, 508 U.S. 36 (1993).[1]  "But for a Supreme Court decision to override a Fifth Circuit case, the decision must 'unequivocally overrule prior precedent.'"  *Petras*, 879 F.3d at 164 (quoting *Frazin v. Haynes & Boone, L.L.P.* (*In re Frazin*), 732 F.3d 313, 319 (5th Cir. 2013)).  A mere "hint" from the Court as to how it might rule in the future is not enough to circumvent our rule of orderliness and disregard our circuit precedent.  *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  If it were, then "judges would have too much leeway to invalidate caselaw they did not like in the first place."  *United States v. Longoria*, 958 F.3d 372, 378 (5th Cir. 2020).

In *Stinson*, the Court considered whether and when the Sentencing Commission's commentary to the Guidelines should be given binding interpretive effect.  508 U.S. at 42–45.  The Court found the commentary "akin to an agency's interpretation of its own legislative rules" and,

---

[1] We have repeatedly rejected such an argument on plain-error review.  *See United States v. Cruz-Flores*, 799 F. App'x 245, 246 (5th Cir. 2020) (rejecting argument that *Kisor* narrowed the deference afforded to U.S.S.G. § 2L1.2's commentary); *United States v. Vivar-Lopez*, 788 F. App'x 300, 301 (5th Cir. 2019) (same).

therefore, relied on *Seminole Rock/Auer*[2] deference. *Id.* at 45. Applying that standard, the Court held "that commentary in the Guidelines Manual that interprets or explains a [G]uideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that [G]uideline." *Id.* at 38.

Twenty-six years after *Stinson*, the Court decided *Kisor*, a case involving an administrative court's interpretation of a regulation promulgated by the Department of Veterans Affairs. 139 S. Ct. at 2409. Rather than abandon *Seminole Rock/Auer* deference altogether, as *Kisor*'s four-justice concurrence would have done, the Court took "the opportunity to restate, and somewhat expand on, [the doctrine] to clear up some mixed messages [prior decisions had] sent." *Id.* at 2414. The Court clarified that *Seminole Rock/Auer* deference does not apply "unless the regulation is genuinely ambiguous." *Id.* at 2415. "And before concluding that a rule is genuinely ambiguous, a court must exhaust all the 'traditional tools' of construction," including careful consideration of "the text, structure, history, and purpose of a regulation." *Id.* If these steps are taken and "genuine ambiguity remains, . . . the agency's reading must still be 'reasonable.'" *Id.* (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 515 (1994)).

As noted above, in the years between *Stinson* and *Kisor*, this court held that "[t]he Sentencing Commission . . . lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1." *Lightbourn*, 115 F.3d at 293. Though *Lightbourn* did not cite

---

[2] *Auer v. Robbins*, 519 U.S. 452 (1997); *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410 (1945). Of course, *Stinson* only cited *Seminole Rock* because *Stinson* predated *Auer*. But post-*Auer*, both the Supreme Court and lower courts have referred to *Seminole Rock/Auer* deference.

*Stinson* or otherwise expressly defer to the Guidelines commentary, its holding implied deference to § 4B1.2's Application Note 1 (i.e., the sole source of authority for including inchoate offenses). *See Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393, 400 n.28 (5th Cir. 2022) ("The rule of orderliness applies as equally to a panel's implicit reasoning as it does to its express holdings."). And we have since rendered any implication of deference in *Lightbourn* explicit. *Kendrick*, 980 F.3d at 444 (clarifying that *Lightbourn*'s holding is predicated on the commentary to § 4B1.2).

If we were writing on a blank slate, we might well agree with Vargas's argument that *Kisor* changed *Stinson*'s calculus regarding the deference owed to the Guidelines commentary.[3] But *Kisor* "does not contain the unequivocal override needed to get past our precedent." *Longoria*, 958 F.3d at 378. While *Kisor* cabined the scope of *Seminole Rock/Auer* deference, *Kisor* did not discuss the Sentencing Guidelines or *Stinson*, which instructed that the

---

[3] We acknowledge, as prior panels have, the divergence among our sister circuits over this issue. *See United States v. Cordova-Lopez*, No. 21-40426, --- F.4th ----, 2022 WL 1562299, at *1 (5th Cir. May 18, 2022) (acknowledging circuit split over *Kisor*'s effect on deference owed to the Guidelines commentary); *Goodin*, 835 F. App'x at 782 n.1 (same). The Third and Sixth Circuits, and one Fourth Circuit panel, have held that *Kisor* receded from the deference previously afforded to the Guidelines commentary under *Stinson*. *United States v. Campbell*, 22 F.4th 438, 444–45, 447 (4th Cir. 2022); *United States v. Nasir*, 17 F.4th 459, 471–72 (3d Cir. 2021) (en banc) (overruling precedent deferring to § 4B1.2's commentary under *Stinson*); *United States v. Riccardi*, 989 F.3d 476, 484 (6th Cir. 2021). But a different Fourth Circuit panel has held that *Kisor* "does not apply to the Sentencing Commission's official commentary." *United States v. Moses*, 23 F.4th 347, 356–57 (4th Cir. 2022). And panels of the Eighth and Ninth Circuits, albeit in unpublished opinions, have rejected arguments that *Kisor* provides a vehicle for reexamining deference to the commentary. *United States v. Pratt*, No. 20-10328, 2021 WL 5918003, at *2 (9th Cir. Dec. 15, 2021); *United States v. Broadway*, 815 F. App'x 95, 96 & n.2 (8th Cir. 2020). Finally, while not affirmatively taking a position on the issue, the Second Circuit has continued post-*Kisor* to defer to § 4B1.2's commentary under *Stinson*. *See, e.g.*, *United States v. Richardson*, 958 F.3d 151, 154–55 (2d Cir. 2020); *United States v. Tabb*, 949 F.3d 81, 87 (2d Cir. 2020).

commentary is authoritative unless it "violate[s] the Constitution or a federal statute," or "is plainly erroneous or inconsistent with the [Guidelines]." *Stinson*, 508 U.S. at 45. That missing link explains why panels of this court have continued to afford deference to the Guidelines commentary under *Stinson*, even after *Kisor*. *See United States v. Lagos*, 25 F.4th 329, 335 (5th Cir. 2022); *United States v. Abrego*, 997 F.3d 309, 312–13 (5th Cir. 2021); *Longoria*, 958 F.3d at 377. And it is why we cannot say here that *Kisor* unequivocally overruled our precedent holding that § 4B1.1's career-offender enhancement includes inchoate offenses like conspiracy. *See Petras*, 879 F.3d at 164 (explaining the Supreme Court's "mere illumination of a case is insufficient" to overcome our rule of orderliness).

Accordingly, the district court's judgment is

AFFIRMED.