# United States Court of Appeals for the Fifth Circuit

No. 22-20570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francis Ekene,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-633-2

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Following a jury trial, Francis Ekene was convicted of conspiracy to commit health care fraud and health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349. He was sentenced to 120 months of imprisonment and ordered to pay $1,255,079.71 in restitution to Medicare.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20570

For the first time on appeal, Ekene challenges guidelines calculations on which his sentence was based and the order of restitution. Because he did not preserve his appellate arguments by raising them in the district court, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Ekene must show a forfeited error that is clear or obvious and affected his substantial rights. *Id.* If he makes such a showing, this court may exercise its discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Ekene argues that the district court erred in assessing a 16-level increase to his base offense level for fraud involving a loss of more than $1,500,000 under U.S.S.G. § 2B1.1(b)(1)(I) and § 2B1.1 cmt. n.3(A), more specifically, in using the intended rather than actual loss amount as directed by guidelines commentary. He contends that the Supreme Court's ruling in *Kisor v. Wilke*, 139 S. Ct. 2400 (2019), has altered the deference courts afford the guidelines commentary and that the loss amount, and resulting offense level, should instead be calculated using the actual rather than intended loss. Ekene urges that this is so because the text of the Guideline is unambiguous, the dictionary definition of "loss" encompasses only actual losses, and § 2B1.1 cmt. n.3(A), which directs courts to use the greater of actual or intended loss in calculating the loss amount, impermissibly expands the unambiguous text. *Cf. Stinson v. United States*, 508 U.S. 36, 38 (1993). Because there is no caselaw from the Supreme Court addressing the effect of *Kisor* on the Sentencing Guidelines in general or on Application Note 3 of § 2B1.1 in particular (or from this court altering the effect of *Stinson*), Ekene fails to demonstrate that the district court clearly or obviously erred in

No. 22-20570

assessing the 16-level increase under § 2B1.1(b)(1)(I). *See United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014).[1]

Next, Ekene argues that the district court plainly erred in assessing a two-level enhancement, pursuant to § 2B.1(b)(2)(A)(i), because his offense involved 10 or more victims. He asserts that Medicare beneficiaries should not be considered victims because Medicare, not the beneficiaries, paid the claims. The argument is meritless. *See United States v. Ainabe*, 938 F.3d 685, 689 (5th Cir. 2019), *cert. denied,* 141 S. Ct. 259 (2020); *United States v. Barson*, 845 F.3d 159, 167 (5th Cir. 2016); § 2B1.1, comment. (n.4(E)).

Finally, Ekene contends that the district court's restitution order is erroneous because Medicare cannot be a "victim" for purposes of the Mandatory Victims Restitution Act (MVRA). He argues that the term "victim" under the MVRA is confined to natural persons and that because Medicare is a governmental entity rather than a person, it cannot be a victim and may not be awarded restitution. In support, he relies on the Supreme Court's decision in *Lagos v. United States*, 138 S. Ct. 1684 (2018), urging that, following *Lagos*, the MVRA, including its definition of victims, must be read narrowly.

Ekene similarly fails to show any clear or obvious error in the restitution award to Medicare. *See United States v. Richardson*, 67 F.4th 268, 270-71 (5th Cir. 2023) (rejecting a virtually identical *Lagos*-based argument, urging that corporations and other entities were not "victims" within the

---

[1] At the time Ekene filed his brief, he correctly observed that *Kisor*'s effect on our post-*Stinson* decisions was pending in an en banc proceeding before our court. *United States v. Vargas*, 35 F.4th 936, 938 (5th Cir. 2022) *aff'd en banc*, No. 21-20140, 2023 WL 4702277 at *1 (5th Cir. July 24, 2023). However, the ruling in that case, does not impact this one. If the increase should have been a 14 rather than 16-level increase, without any other errors, the Guidelines level would still have been 120 months due to the statutory maximum (criminal history of 1 and offense level of 32 is 121-151 months).

No. 22-20570

meaning of the MVRA because they were not natural persons); *United States v. Mathew*, 916 F.3d 510, 516-22 (5th Cir. 2019) (concluding that, although the district court erred in awarding restitution to Medicare for losses that preceded the temporal scope of the offense, restitution to Medicare as to the loss amount caused by the conduct underlying the offense of conviction was lawful).

In light of the foregoing, the district court's judgment is AFFIRMED.