# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2026

Lyle W. Cayce
Clerk

No. 25-10829
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Carlos Cerrillo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-66-1

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Robert Carlos Cerrillo pleaded guilty to a single count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Following a remand for resentencing, the district court sentenced Cerrillo within the applicable guidelines range to 120 months of imprisonment and three years of supervised release. He challenges his conviction and sentence.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10829

Cerrillo argues that the district court erred in applying the U.S.S.G. § 2K2.1(c)(1)(A) cross-reference to the attempted second-degree murder guideline provision at U.S.S.G. § 2A2.1 because there was insufficient evidence that he intended to kill the victim when he shot him. Because Cerrillo admitted to police that he aimed at the victim and fired a shot, we conclude that the district court did not clearly err in finding an intent to kill and applying the cross-reference. *See United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021). Moreover, even if this argument had merit, any error in applying the cross-reference was harmless. *See United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017); *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010).

As Cerrillo acknowledges, his facial challenge to the constitutionality of § 922(g)(1) is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied* 145 S. Ct. 2822 (2025).

Accordingly, the district court's judgment is AFFIRMED.