# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2026

Lyle W. Cayce
Clerk

No. 25-30113
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Elijah D. Brown,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-87-3

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Elijah D. Brown appeals from the sentence imposed following his guilty plea conviction for attempt and conspiracy to commit bank fraud. The district court sentenced Brown within the guidelines range to 63 months of imprisonment, five years of supervised release, and $1,254,790 in restitution. Pursuant to U.S.S.G. § 5G1.3(d), the district court specified that Brown's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentence of imprisonment would run consecutively to the sentence imposed for illegal possession of firearms.

On appeal, Brown challenges the district court's application of the vulnerable victim adjustments on the ground that the district court improperly presumed the victims were vulnerable due to their ages and high account balances and should have instead conducted an individual inquiry for each victim to determine if they met the "vulnerable victim" criteria. "We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Luna-Gonzalez*, 34 F.4th 479, 480 (5th Cir. 2022) (quoting *United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021)). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Mendoza-Gomez*, 69 F.4th 273, 276 (5th Cir. 2023).

The vulnerable victim enhancement "is primarily focused on the diminished ability of the victim to thwart or resist the crime at hand." *United States v. Swenson*, 25 F.4th 309, 321 (5th Cir. 2022). We have held that, although vulnerability cannot be based solely due to a victim's age, a group of victims may be considered vulnerable under U.S.S.G. § 3A1.1 if the shared characteristics of its members—including their age—make them unusually susceptible to fraud. *United States v. Brown*, 7 F.3d 1155, 1160-61, 1161 n.3 (5th Cir. 1993). Brown has not cited any authority supporting his assertion that the district court was required to make an individualized determination as to each victim's vulnerability level. The district court's determination that the shared characteristics of this particular group of victims met the vulnerability requirements under § 3A1.1 was plausible in light of the record. *See Brown*, 7 F.3d at 1159-61, 1161 n.3.

In his next argument, Brown challenges the three-level adjustment applied under U.S.S.G. § 3B1.1(b) based on his role as a manager or

supervisor for criminal activity that involved five or more participants. Brown asserts that the district court erred by basing its determination solely on speculation or second-hand information derived from the FBI agent who testified at sentencing. However, the record shows that the district court's determination was based on the factual basis in which Brown agreed that he had recruited and directed certain coconspirators. *See United States v. Brown*, 727 F.3d 329, 340-41 (5th Cir. 2013). Brown has therefore failed to show clear error as to this adjustment. *See United States v. Bourrage*, 138 F.4th 327, 353-54 (5th Cir. 2025).

Brown quotes language from U.S.S.G. § 5G1.3(a) to argue that the district court committed significant procedural error by imposing his instant sentence to run consecutively to his sentence for illegal possession of firearms, but the record shows that the district court's imposition of the consecutive sentence was based on § 5G1.3(d). He has therefore failed to show any error in this regard.

The Government concedes on appeal that the district court's restitution order is incorrect and must be corrected on remand in light of new information as to the amounts of actual loss caused by Brown's offense. "We review de novo whether a restitution award exceeds the statutory maximum, and review for abuse of discretion a district court's determination of a legally permissible restitution amount." *United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021) (internal citation omitted). Based on the Government's assertion, it is likely that the district court's restitution order exceeded the amount of actual loss, which is impermissible under the Mandatory Victim Restitution Act of 1996. *See United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006).

Accordingly, we VACATE the district court's restitution order and REMAND for the limited purpose of redetermining the restitution award. In all other respects, the district court's judgment is AFFIRMED.